IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:17-cv-00534-H

| | |
|---|---|
| EPIC GAMES, INC., | ) |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL** |
| C.R., | ) |
| Defendant. | ) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") submits this Memorandum in Support of Plaintiff's Motion to Seal its Response to Defendant C.R.'s Motion to Dismiss ("Response"). Plaintiff's Motion should be granted because: (a) the Response contains private personal information concerning Defendant, who Epic has reason to believe is a minor; (b) such information is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, *see id.*; *see also Yagoda v. New Hanover Child Protective Servs.*, No. 7:11-CV-00122-BO, 2011 WL 3911114, at *1 (E.D.N.C. June 30, 2011), *report and recommendation adopted sub nom.*, *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111 (E.D.N.C. Sept. 5, 2011) (directing the Clerk to seal filed paper and noting "[i]n order to protect a minor's privacy, Rule 5.2(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the court"), thereby overcoming the common law and First Amendment presumption to access; and (3) any alternatives are

inadequate to protect the minor's personal information and still provide the Court with the necessary information to review the Response.

## ARGUMENT

I. **The Documents and Information for which Protection is Requested.**

Plaintiff seeks to seal Plaintiff's Response because it contains personal information regarding the Defendant in this matter, who is likely a minor.

II. **The Motion To Seal Does Not Violate The Common Law And First Amendment Right To Access.**

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access. *Id.*

Here, the minor's privacy interests outweigh the public interest to access. There is no proper purpose or public service that could be achieved by public disclosure of the private details concerning Defendant contained in the Response. On the other hand, as noted above, such information is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2(a)(3) of the Federal Rules of Civil Procedure. Accordingly, the statutorily recognized interest of the minor's privacy rights outweighs the minimal interest of the public and, therefore, overcomes the presumption to access of the public to this information.

III. **The Alternative to Sealing are Inadequate.**

The alternatives to sealing are insufficient. An alternative to sealing would be redacting specific sensitive information from the Court's copy of the filings. However, the purpose of the inclusion of this information is to provide the Court with information and evidence necessary to

find that Defendant's Motion to Dismiss should be denied, and Plaintiff should be permitted to resubmit its Motion for Entry of Default. This analysis involves consideration of personal information related to the Defendant. A redacted version of Plaintiff's Response will be filed for public view.

**IV.     The Requirements of the Court's Manual have been Met.**

Plaintiff has met the requirements of the Manual by (1) specifying the exact document or item for which sealing is requested; (2) detailing how this request overcomes the common law and First Amendment presumption to access; (3) specifying the specific qualities of the material that justify the sealing; and (4) providing the reasons why alternatives to sealing are inadequate.

Accordingly, Plaintiff request that Plaintiff's Motion to Seal be granted, and Plaintiff's Response to Defendant C.R.'s Motion to Dismiss be maintained under seal.

This 23rd day of April, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem A. Dharamsi
N.C. State Bar No. 47697
tasneemdelphry@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone:  (919) 828-0564
Facsimile:   (919) 834-4564

*Attorneys for Plaintiff*
*Epic Games, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL** was electronically filed this day with the Clerk of Court using the CM/ECF system and that a true and accurate copy of it was sent to all parties to this cause by depositing the original and/or copy hereof, postage pre-paid, in the United States mail, addressed as follows:

C.R.
c/o Lauren Rogers
501 West Ave.
New Castle, DE 19720

This the 23rd day of April, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem A. Dharamsi
N.C. State Bar No. 47697
tasneemdelphry@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
150 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564

*Attorneys for Plaintiff*
*Epic Games, Inc.*