IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:17-CV-534-H

EPIC GAMES, INC. )
)
    Plaintiff, )
)
)
v. )
) **ORDER**
)
C.R., )
)
    Defendant. )
)

This matter is before the court on the letter sent to this court by Lauren Rogers ("Ms. Rogers"), mother and guardian of Defendant C.R., which this court has construed as a motion to dismiss. [DE #14]. Plaintiff has responded, and this matter is ripe for adjudication.

## BACKGROUND

Plaintiff filed a complaint in this matter on October 23, 2017. On October 27, 2017, the clerk's office issued a summons to defendant C.R. It appears that at the time of filing of the complaint and issuance of the summons, plaintiff was unaware defendant C.R. was a minor. On November 15, 2017, the court received a letter from Lauren A. Rogers on behalf of her minor

son, C.R., in which she asks the court to dismiss the complaint against C.R.

Upon realizing that defendant C.R. was a minor, plaintiff sought an amended summons to effect proper service. As detailed in its motion for entry of default and declaration of service, plaintiff appears to have now effectuated proper service. Plaintiff then asked the court to enter default for failure of defendant to answer or otherwise respond. This court found that while it is true that defendant has not responded since proper service was effectuated, the letter from defendant's mother [DE #6] detailing why this matter should be dismissed could not be ignored. Therefore, the court construed the letter [DE #6] as a motion to dismiss, and denied without prejudice defendant's motion for entry of default.[1] The court notes no further filings or letters have been received from defendant or his guardian.

Plaintiff makes the following allegations in its complaint. Plaintiff is a Cary, North Carolina-based developer and publisher of computer games and computer game engine and content creation software. Plaintiff is the creator and owner of the popular game, Fortnite, a co-op survival and building action game. Plaintiff is the author and owner of all rights, title, and interest in the

---

[1] The court acknowledges that although it has construed the letter, in an abundance of caution, as a motion to dismiss, there has been no official appearance by anyone on behalf of the minor defendant. The letter construed as a motion to dismiss is found redacted at DE #14.

2

copyrights in Fortnite, including without limitation, its underlying computer software and the audio visual works created by the software. These copyrights are detailed in the complaint. To use plaintiff's services, such as playing Fortnite on a personal computer, a user must create an account with EPIC and affirmatively acknowledge that he has read and agreed to the Terms of Service. Plaintiff alleges defendant has been banned from using plaintiff's services at least 14 times for cheating, each time creating a user account and affirmatively acknowledging acceptance of the terms. As detailed in the complaint, defendant used cheat software while playing Fortnite to unlawfully modify the software so that he had an unfair advantage over other players. He also operates at least two YouTube channels where he actively promotes, distributes, and induces others to use cheat software.

## COURT'S DISCUSSION

I. **Standard of Review**

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the

3

facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Chao, 415 F.3d at 349 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 550 U.S. at 554-55 (internal quotation marks omitted).

4

## II. Analysis

Plaintiff, in its response memo, has detailed for the court the arguments made by defendant in its letter deemed a motion to dismiss and given a detailed response of why those arguments fail without proper support. [DE #17 at 7]. As detailed in plaintiff's response memorandum, defendant has not shown that the complaint fails to allege sufficient facts to state a claim for relief that is plausible on its face; therefore, in the light most favorable to the plaintiff, plaintiff has stated a plausible claim, and the motion to dismiss must be denied. See, e.g., Joe Hand Promotions, Inc. v. Blackburn, No. 7:11-CV-276-BO, 2012 WL 4863697 (2012).

## CONCLUSION

For the foregoing reasons, the letter construed as a motion to dismiss [DE #14] is DENIED. Pursuant to Federal Rule of Civil Procedure 12(a)(4), defendant shall have 14 days from notice of this court's instant order denying the letter deemed motion to dismiss to file an answer to plaintiff's complaint. Defendant is additionally reminded to file a proper notice of appearance in accordance with the Local Rules of this court. In an abundance of caution, the clerk is directed to serve a copy of this order on defendant, through his mother, at both the following addresses: C.R., c/o Lauren Rogers, 5 Vireo Circle, Newark, DE

5

19711 and C.R., c/o Lauren Rogers, 501 West Ave., New Castle, DE 19720.

This  12TH day of July 2018.

                                              _____
                                              Malcolm J. Howard
                                              Senior United States District Judge

At Greenville, NC
#26