IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:17-cv-00534-H

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> C.R., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION** |

This matter comes before the Court on the Motion for Default Judgment (the "Motion") by Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") against Defendant C.R. ("C.R" or "Defendant").

The Court has reviewed the Motion, together with the supporting materials submitted contemporaneously with the Motion or previously filed with the Court. Based upon those materials and because Defendant has failed to file an answer in the time afforded under the law and the Court's July 12, 2018 Order (D.E. 22), Plaintiff's Motion is hereby GRANTED.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On October 23, 2017, Epic filed its Complaint in this Court seeking injunctive relief and damages against Defendant for (i) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*., (ii) contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*., (iii) breach of contract, and (iv) intentional interference with contractual relations. (D.E. 1.)

2. On January 18, 2018, the Civil Summons, Complaint, Rule 7.1 Financial Disclosures of Plaintiff Epic Games, Inc., and Notice of Appearance of Christopher M. Thomas

was served on Lauren Rogers ("Ms. Rogers"), C.R.'s mother and general guardian with whom C.R. resides, in accordance with the Federal Rules of Civil Procedure and the Delaware Superior Court Rules of Civil Procedure.

3. This Court has proper jurisdiction over the subject matter in this litigation under 28 U.S.C. §§ 1331, 1338(a), 1367(a) and 17 U.S.C. §§ 106 and 501, *et. seq.*

4. This Court has personal jurisdiction over Defendant because Defendant agreed to be subject to the exercise of jurisdiction over him by the courts in this District by agreeing to the terms of Plaintiffs' Terms of Service ("Terms") and the Fortnite End User Licensing Agreement ("EULA"). This Court also has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the privileges of conducting activities and doing business in North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws, by, among other things, entering into contractual agreements with Epic in North Carolina, and repeatedly accessing Epic's servers, which are located in this District. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing this Judgment.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a District where a substantial part of the events giving rise to Plaintiffs' claims occurred, where Defendant committed acts of copyright infringement, and where Plaintiff's injuries were suffered. Venue is also proper in this District because Defendant consented to venue in this District by agreeing to the Terms and the EULA.

6. Epic is the author and owner of all the rights, title and interest in the copyrights in the video game Fortnite, including without limitation, its computer software and the audio visual work created by the software. Fortnite is an original work of authorship and copyrightable subject matter under the laws of the United States.

7. Epic's copyrights in various versions of Fortnite's computer code are the subjects of U.S. Copyright Registration Nos. TXu01-895-864 (dated December 18, 2013), TX008-186-254 (dated July 14, 2015), TX008-254-659 (dated March 3, 2016), and TX008-352-178 (dated December 23, 2016). (*See* D.E. 1, Exh. A, [D.E. 1-1].) These registrations are valid and subsisting.

8. At all times relevant to the Complaint, Defendant C.R. a.k.a. "Sky Orbit" operated two YouTube channels under the monikers "Sky Orbit" and "Sky Orbit V2" and appeared to be active in the gaming cheat community. Defendant used these channels to post live-stream videos of himself cheating while playing Fortnite, demonstrate use of the cheat to unlawfully modify Fortnite game code, instruct viewers as to how to use the cheat in the same way, and provide viewers with links to Internet locations from which the cheat could be retrieved.

9. Since the filing of the Complaint, Defendant has continued to engage in the complained-of conduct by creating a third YouTube channel under the moniker "Sky Orbit Fortnite" on which he has posted at least one video of himself cheating at Fortnite and demonstrating how to use the cheat in the game. Defendant has also posted links to cheats on his Twitter account.

10. Before being banned from Epic for cheating, Defendant was a user of Epic Games' services, including Fortnite, and, thus, had access to Fortnite. While playing Fortnite, Defendant used cheats to unlawfully modify Fortnite's software so that he had an unfair competitive advantage over other Fortnite players. The cheats used by Defendant—and by those whom Defendant induced to use such software—work by improperly injecting unauthorized software code into the active memory of the Fortnite game as it runs on the cheater's computer.

11. This unauthorized modification of Fortnite's code as it runs on the cheater's computer, and of the code that is sent back to Epic's servers, materially changes both the game's

3

PPAB 4141443v4
Case 5:17-cv-00534-H   Document 25-1   Filed 09/24/18   Page 3 of 8

code and the audio visual aspects of the game generated by the code. These changes create a different but substantially similar version of the Fortnite game than the Fortnite game that is generated by Epic's copyright protected software. Therefore, Defendant's use, and other cheaters' uses, of the cheat software creates unauthorized derivative works based on Fortnite in violation of the Copyright Act.

12. Use of the cheats in this way by Defendant and third parties constitutes direct infringement of Epic's copyrights in Fortnite in violation of the Copyright Act.

13. Defendant, with actual knowledge of the acts of direct infringement by third parties, caused, contributed materially to, and/or participated in the direct infringement by such third parties.

14. Defendant did so with the actual and/or constructive knowledge that these third parties' preparation of derivative works based on Epic's Fortnite software directly infringes Epic's copyrights in the software. Accordingly, Defendant's activities described above constitute contributory copyright infringement in violation of the Copyright Act.

15. In order to play Fortnite on PC—which is the platform on which Defendant accessed and cheated at Fortnite—Defendant created accounts with Epic. In so doing, Defendant affirmatively acknowledged that he read and agreed to both the Terms and the EULA. Under the Terms and the EULA, Defendant's affirmative consent also served as consent to jurisdiction and venue in this Court.

16. The Terms and the EULA prohibit a variety of user conduct including copyright infringement and use of Epic's services for commercial purposes. The EULA further explicitly prohibits cheating. By creating an account with Epic in order to access, download, and play Fortnite, and by using Epic's services, including, without limitation, by playing Fortnite, Defendant agreed to be bound by the Terms and the EULA.

17. Epic's Terms, to which Defendant affirmatively agreed by, and as part of the process of, accessing, downloading, and playing Fortnite, constitutes a valid, binding, and enforceable contract between the Parties.

18. The Terms prohibit Defendant from, among other things, "copy[ing], modify[ing], creat[ing] derivative works of, publicly display[ing], publicly perform[ing,], republish[ing], or transmit[ting] any of the material obtained through [Epic's s]ervices" and from "access[ing] or us[ing Epic's services] for any purpose that is illegal or beyond the scope of the . . . intended use [of Epic's services] (in Epic's sole judgment)." (D.E. 1, Exhibit B, [D.E. 1-2] at 43-48.)

19. Defendant knowingly, intentionally, and materially breached the Terms at least by making derivative works based on Fortnite and by copying, modifying, publicly displaying, publicly performing, and/or transmitting Fortnite in an unauthorized manner.

20. Epic's EULA, to which Defendant affirmatively agreed by, and as part of the process of, accessing, downloading, and playing Fortnite, constitutes a valid, binding, and enforceable contract between the Parties.

21. The EULA prohibits Defendant from, among other things, "copy[ing], reproduc[ing], distribut[ing], display[ing], or us[ing Fortnite] in a way that is not expressly authorized" in the EULA, "mak[ing] derivative works based on [Fortnite,]" "creat[ing], develop[ing], distribut[ing,] or us[ing] any unauthorized software programs to gain advantage in any online or other game modes." (D.E. 1, Exhibit C, [D.E. 1-3] at 50-57.)

22. Defendant knowingly, intentionally, and materially breached the EULA at least by copying, reproducing, and/or displaying Fortnite in an unauthorized manner, by making derivative works based on Fortnite, and by creating, developing, distributing or using unauthorized software programs to gain advantage in Fortnite.

5

23. Having agreed to be bound by the Terms and the EULA and regularly using and accessing Epic's services, Defendant had knowledge that other users of Fortnite are subject to the previously recited prohibitions that the Terms and the EULA place on all users. Accordingly, Defendant had knowledge that the Terms and the EULA are valid, enforceable contracts between Epic and its registered users.

24. Defendant had knowledge that use of cheats in Fortnite breaches the Terms and the EULA between Epic and its users. Defendant actively, intentionally, and willfully encouraged and induced other cheaters and would-be cheaters to purchase the cheats, and intentionally and willfully assisted third parties in using the cheats in Fortnite. Accordingly, Defendant acted without justification and intentionally interfered with the contracts between Epic and those users. Defendant's conduct constitutes intentional interference with contractual relations under North Carolina law.

## PERMANENT INJUNCTION AND ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that default judgment and a permanent injunction be ordered against Defendant as follows:

1. Defendant will immediately (i) destroy all copies of any videos, cheats, or hacks in his possession, custody, or control that can be used to infringe any of Epic's copyrights or cheat at any of Epic's games, and (ii) is **PERMANENTLY ENJOINED and RESTRAINED** from continuing his unlawful conduct described above and in the Complaint, including, without limitation, the direct infringement of Epic's copyrights, contributory infringement of Epic's copyrights, breaches of the Terms, breaches of the EULA, and intentional interference with contractual relations between Epic and others; and

2. Defendant is further **PERMANENTLY ENJOINED and RESTRAINED** from engaging in the following activities:

a. infringing any of Epic's currently existing or future copyrighted works, including, without limitation, infringement by public display or public performance of any of Epic's current or future copyrighted works and/or derivative works based on such works, and/or the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

b. inducing or materially contributing to the direct infringement of any of Epic's currently existing or future copyrighted works by others, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

c. violating Epic's Terms of Service;

d. violating the Fortnite End User License Agreement ("EULA");

e. intentionally interfering with Epic's contracts or contractual relations with the other parties to those contracts or contractual relations;

f. cheating at any of Epic's games or at any game that Epic subsequently develops, creates, or publishes in a way that infringes Epic's copyrights or violates any contract with Epic; and/or

g. materially contributing to the infringement by cheating of others or inducing others to infringe by cheating at any of Epic's current games or any games that Epic subsequently develops, creates, and/or publishes in a way that infringes Epic's copyrights or violates any contract with Epic.

3. No bond or posting of security is required of the Parties.

4. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach;

as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorney's fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

This, the ___ day of _____, 2018

_____
United States District Judge

8
PPAB 4141443v4
Case 5:17-cv-00534-H   Document 25-1   Filed 09/24/18   Page 8 of 8