IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |
|---|---|
| EPIC GAMES, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.: 5:17-cv-00534-H ) ) |
| C.R., | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT LAUREN A. ROGERS GENERAL GUARDIAN FOR DEFENDANT OR, IN THE ALTERNATIVE, APPOINT A GUARDIAN AD LITEM ("GAL") FOR DEFENDANT**

Plaintiff Epic Games Inc. ("Plaintiff" or "Epic)") respectfully requests that a guardian and representative be appointed to appear and defend on behalf of the minor Defendant ("Defendant" or "C.R."). As detailed below, Defendant has ignored the appropriate orders of this Court. It is now appropriate for his mother or another adult to be appointed to officially represent him so that his interests can be protected and this matter can move forward. Epic therefore petitions this Court to appoint Ms. Rogers or another suitable adult to act as Defendant's guardian for purposes of this action.

**STATEMENT OF FACTS**

Over 18 months ago, both Defendant C.R. and his mother Lauren A. Rogers ("Ms. Rogers" or "Defendant's Mother") were properly served with the Complaint in this matter. The Complaint, filed on October 23, 2017, alleges serious claims against C.R. for (i) copyright infringement, (ii) contributory copyright infringement, (iii) breach of contract, and (iv) intentional interference with contractual relations. (D.E. 1.)

Epic sent the complaint, summons, and all other necessary papers for service on C.R. on October 27, 2017. (D.E. 10 at ¶¶ 3-4.) Before service could be effected and less than a week after the complaint was filed, Defendant posted a now-unavailable video entitled "Epic Games is suing me…" on his Sky Orbit YouTube channel. (*See* Second Decl. of C. Thomas [D.E. 27] at ¶ 10.) In this video, Defendant discussed the allegations made against him in the instant case. (*Id*.) He admitted to cheating in Fortnite and demonstrating the cheats he used in videos he posted on his YouTube channel. (*Id*.) He also stated that he is a minor. (*Id*.)

On November 3, 2017, based on Defendant's claim of infancy, Epic sent the complaint, summons, and other required papers to the Office of the Sherriff of New Castle County, Wilmington, Delaware requesting that they be personally served on both Defendant and his mother. (*Id.* at ¶¶ 5, 8-10.) On November 15, 2017, before service could be effected, his mother, Ms. Rogers, responded to the complaint on behalf of her son by asking the Court to dismiss Epic's claims (D.E. 6), even though Defendant had admitted the veracity of many of Plaintiff's allegations, including cheating, in his YouTube video described above.

On January 10, 2018, proper service on Defendant and his mother was achieved. (D.E. 8-9; D.E. 10 at ¶¶ 14-15, 17-18; D.E. 10-3.) Defendant never filed an answer and his mother never moved to be appointed his guardian for purposes of this matter. On information and belief, Defendant did, however, continue to broadcast videos of himself cheating at Fortnite. (*See, e.g.*, Third Declaration of Christopher M. Thomas ("3d Thomas Dec.") at ¶¶ 9-12.)

On February 13, 2018, Epic moved for entry of default. (D.E. 11.)

On April 3, 2018, the Court denied without prejudice Epic's Motion for Entry of Default, construed Ms. Rogers' letter as a properly filed motion to dismiss, and gave Epic 21 days to respond to the motion to dismiss. (*See* D.E. 13.) The Clerk of Court was directed to serve a

2
PPAB 5164956v2 Case 5:17-cv-00534-H   Document 32   Filed 10/09/19   Page 2 of 11

copy of the April 3, 2018 order on C.R. through his mother, Ms. Rogers. (*Id.*) Epic filed its Response to the motion to dismiss on April 23, 2018. (*See* D.E. 20.)

On July 12, 2018, the Court denied Ms. Rogers' motion to dismiss, directed the Clerk to serve the order on Defendant through Ms. Rogers, and ordered that Defendant had 14 days from notice of the Court's order to file an answer to Epic's complaint. (*See* D.E. 22.)

Defendant ignored the Court's order. His mother did not see to it that her minor son responded by the deadline ordered by the Court. Defendant continued to flout the law. On August 31, 2018, Defendant posted yet another video on YouTube which, again, featured him using cheat software while playing Fortnite. (D.E. 27 at ¶ 12, Exh. 6.)

Epic moved for entry of default again on August 9, 2018, which was granted by the Clerk on September 11, 2018, as amended on August 13, 2019. (D.E. 23., D.E. 30.) On September 24, 2018, Epic moved for default judgment. (D.E. 25.)

On August 13, 2019, the Court denied Epic's motion for default judgment holding that "there has been no official appearance by anyone on behalf of the minor defendant" and directed the Clerk to serve the Defendant and his mother with the new Entry of Default. (D.E. 29.)

As of this writing, it has been over eight weeks since the amended Entry of Default was served on Defendant[1] and there is no entry on the Court's docket to indicate that it or the Court's

---

[1] A paper is served under Fed. R. Civ. P. 5(2)(C) by "mailing it to the person's last known address--in which event **service is complete upon mailing** . . ." *Id.* (emphasis added.) Moreover, there is a presumption in both North Carolina and Delaware (where Defendant lives) that mailed matter, correctly addressed, stamped, and mailed was received by the party to whom it was addressed. *See, e.g., Matter of Terry*, 317 N.C. 132, 136, 343 S.E.2d 923, 925 (1986) ("In North Carolina, as elsewhere, there is a *prima facie* presumption that material which is marked, postage prepaid, and correctly addressed, was received in due course"); *Fazal v. Cent. Parking Sys.*, No. C.A. N10A-04-011 WCC, 2011 WL 2671522, at *2 (Del. Super. Ct. June 30, 2011) ("There is a presumption under Delaware law that mailed matter, correctly addressed, stamped, and mailed was received by the party to whom it was addressed.")

orders that were served on Defendant by the Clerk were returned. (3d Thomas Dec. ¶ 14.) Such an entry would have been made if any of the orders or papers were retuned as undeliverable. (*Id.*) Given Federal Rules' expectation that service by mail should take three days, Fed. R. Civ. P. 6(d), it may be presumed that the amended Entry of Default and the Court's other orders have been received and ignored by Defendant and his mother.

Since before and ever since this action was filed, Defendant has mocked the power of this Court to enforce the laws Defendant has broken by continuing to post videos of himself playing and cheating at Fortnite. Sometimes he (thinly) disguises his identity. (3d Thomas Dec. ¶¶ 9-12.) Other times, he holds himself out as the "MOST KNOWN FORTNITE HACKER" and openly discusses this case, boasting that he and his mother did not need to spend money on a lawyer because his mom "knew it all." (3d Thomas Dec. ¶¶ 3-8.) In a recent YouTube video that has over 15,000 views, Defendant, after having discussed this lawsuit, taunted Epic by crowing: "You guys can eat my ass once again." (3d Thomas Dec. ¶ 13.)

I. **ARGUMENT**

 **A. Applicable Standard.**

In order for this matter to proceed beyond the entry of default, Defendant, a minor, must be represented by a general guardian, conservator, or other like fiduciary who has appeared. Fed. R. Civ. P. 55(b). Under Local Civil Rule 17.1(a), "[r]epresentation of minor . . . parties in a civil action shall be in accordance with Fed. R. Civ. P. 17(c). Federal Rule 17(c)(1) provides that a general guardian may defend on behalf of a minor. *See id*. Federal Rule 17(c)(2) provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor . . . who is unrepresented in an action." *Id*.

"Although Rule 17(c)(2) allows the court to appoint a guardian ad litem, it does not

compel appointment. Rather, it grants the court discretion to issue an 'appropriate order' to protect the interests of an unrepresented, incompetent litigant." *Beall v. Ujoatuonu*, No. GJH-16-3438, 2018 WL 1474180, at *3 (D. Md. Mar. 26, 2018) (citing *Seibeh, & Bruce Co. v. Nicke*, 168 F.R.D. 542, 543 (M.D.N.C. 1996)). In cases in which a minor's interests are adequately represented and protected by the minor's parent, the appointment of a guardian ad litem is not necessary. *See, e.g.*, *Philips v. Honda Motor, Co.*, No. 3:13-CV-1431-L (BF), 2013 WL 12128781, at *3 (N.D. Tex. Oct. 30, 2013).

**B. Appointing Ms. Rogers Remains Appropriate.**

In most cases, a parent qualifies as a "general guardian" who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c). *See Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F. Supp. 2d 1001, 131 Ed. Law Rep. 186 (W.D. Mich. 1998) ("Federal Rule of Civil Procedure 17(c) . . . provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue."); *accord* 42 Am. Jur. 2d Infants § 147 (citing same); *see also* 4 J. Moore, *Moore's Federal Practice* ("*Moore's*") § 17.21[3][a] at 17-97 (3d. ed 2019) ("If the minor . . . already has a general guardian . . . that representative may defend on behalf of the minor . . . ."); *cf.* N.C. Gen. Stat. § 35A-1201(a)(6) ("The General Assembly of North Carolina recognizes that: . . . (6) Parents are the natural guardians of the person of their minor children . . . .").

Although Ms. Rogers appears to condone her son's scofflaw approach to this matter, this is not necessarily sufficiently inappropriate to overcome the preference that a parent to fill this role or to bar her service as his general guardian here. Similarly, her decision not to answer following the denial of their motion to dismiss is not an indication that she would not or could not represent Defendant's interests. As the U.S. District Court for the Middle District has

recognized:

> In an instance where the complaint or claim has been served on the parent of a minor, and there is no indication that the parent would not or could not represent the minor's interest, courts are not required to appoint a guardian ad litem to represent the minor even if the claim be lost by default. There may well be solid reasons why the parent does not file an answer on the minor's behalf. Nothing else appearing, it may be presumed that a parent acts in the best interest of the child.

*Seibels, Bruce & Co.*, 168 F.R.D. at 544 (citing *In the Matter of Chicago, Rock Island and Pacific R. Co.,* 788 F.2d 1280 (7th Cir.1986) (proof of claim served on mother, but no claim filed on behalf of minor)).

Moreover, this Court has already explicitly recognized that Ms. Rogers is Defendant's guardian. (*See* D.E. 29 at 2.) Ms. Rogers responded to Epic's complaint by sending a letter to this Court defending the lawsuit on behalf of her son. (*See* D.E. 6.) One of the defenses she asserted is that he is a minor. (*Id*.) The Court construed Ms. Rogers' letter as a motion to dismiss. (*See* D.E. 13.) After Epic filed its opposition to the arguments in Ms. Rogers' letter and the Court denied her motion, Ms. Rogers was served with the Court's order by the Clerk of Court. In fact, the Court has directed the Clerk to serve all of its orders and the Clerk's entries of default on Defendant through Ms. Rogers. Epic has likewise served Defendant through Ms. Rogers with all the papers it has filed in this case. Thus, Ms. Rogers is familiar with Epic's claims against Defendant and, through the Court's orders, Defendant's obligation to answer.

Appointing Ms. Rogers, despite her failures to respond to this Court's most recent notices, is consistent with the case law:

> Permitting the parent to act as a guardian saves the expense of appointing a guardian which is . . . an important policy consideration. Furthermore, a federal court should, as a matter of sound policy, be cautious in attempting to step between the parent and his or her child. And, as a practical matter, the Court may have a very limited ability to do so especially if the minors will not be made available to the guardian and/or reside out of state.

*Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 544 (M.D.N.C. 1996) (citation omitted.).

The rationale of *Nicke* applies here because Defendant and his mother reside together out of state. Moreover, Defendant trusts his mother to protect his interests in this case. He said as much in a YouTube video titled "PLAYING WITH MOST KNOWN FORTNITE HACKER!!! (He Carries Me!)," published on June 4, 2018 by "Ripped Robby." In this video, Ripped Robby, the video's host, introduces Defendant, who is playing under the username "ItsOrbitz," as "the world's most famous Fortnite Hacker: Sky Mother-f\*\*king Orbit!" (0:15-0:23.) (*See* 3d Thomas Dec. at ¶¶ 3-6.)[2]

During the video, which has been viewed more than 101,000 times, Ripped Robby and Defendant have the following exchange:

> RR: "Oh yeah, I wanted to ask . . ."
> CR: "Uh huh"
> RR: "In the, uh, news stuff, **it says your mom was like defending you.** Is that . . ."
> CR: "So, **yeah** . . ."
> RR: "**Is that true, because of your age**, right, she had to . . ."
> CR: "Um, **yeah**, we had to get a lawyer, she had to . . ."
> RR: "Damn bro, so **you guys probably had to spend a little bit of money on that**, that sucks . . . ."
> CR: **Nah, my mom knew it all**. We didn't, we didn't make any money, **we didn't**, uh, **have to spend any money on anything**.
> RR: That's, uh, okay, okay, that's even, that's better.

(3d Thomas Dec. ¶¶ 5-8) (emphasis added.)

Defendant's statement that he and his mother got a lawyer but didn't have to spend even "a little bit of money" because his "mom knew it all," (*id.*), shows Defendant's faith in Ms.

---

[2] The description in the video's post reads verbatim:

> MOST KNOWN FORTNITE HACKER! Hey guys in todays video a played fortnite with the most known fortnite hacker... Sky Orbit! You might of heard of him from many different places, like pewdiepie and many news outlets! **He was the kid that fortnite tried to sue over hacking their game!!**

(*Id.*) (emphasis added.)

Rogers. His comments also suggest that their decision not to answer in spite of the Court's order was deliberate. His continued cheating, the foregoing and other public statements, and his open taunting of Epic all demonstrate that he thinks he is beyond the reach of this Court and is free to continue his unlawful conduct without consequence. This should not be permitted to continue.

As set forth above, the Local Civil Rules and Federal Rules of Civil Procedure require courts to appoint a representative to protect a minor in an action. *See* Fed. R. Civ. P. 17(c)(2); *see also* Local Civ. R. 17.1(a). Because Ms. Rogers (i) has been involved in this action from its outset, when she and Defendant were served with the Summons and Complaint, and has been served with all the papers and orders ever since; (ii) has already acted as Defendant's representative and defended on his behalf; and (iv) is his natural mother, she is the logical choice to represent C.R. in this action and to protect his best interests. Indeed, her motion to dismiss shows that Ms. Rogers has represented and could continue to represent Defendant's interests. Her failure to answer beyond that does not require the Court to appoint a guardian ad litem. *Seibels*, 168 F.R.D. at 544.

### C. This court may appoint someone other than Defendant's mother.

Of course, "[t]he ultimate decision as to whether or not to appoint a . . . guardian ad litem rests with the sound discretion of the district court and will not be disturbed unless there has been an abuse of its authority." *Sam M. ex rel. Elliott v. Carcieri*, 608 F. 3d 77, 86 (1st Cir. 2010) (citations and internal punctuation omitted). In situations in which an infant is not represented, "Rule 17(c)(2) gives the federal court authority to appoint a guardian ad litem . . ." 6A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 1570, at 665 (3d ed. 2010 & Supp. 2017); *see also* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an

action."). Rule 17(c) specifically preserves the court's power to appoint special representatives in cases in which a minor has a general representative who refuses to act or who the court believes will not appropriately act to protect the minor. 6A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 3d § 1570, at 666; *see also Moore's* § 17.21[3][a] at 17-96 ("If a general guardian fails for refuses to sue or defend in a particular case, . . . federal courts may appoint a guardian or attorney ad litem to protect the interests of the represented party in the case.").

Rule 17(c) mandates that the Court appoint a guardian ad litem or "issue another appropriate order" to protect Defendant. "Guardians ad litem appointed by a federal court under the protective provisions of Rule 17(c)(2) need not meet local qualification requirements when representing a person lacking legal capacity in a foreign forum." *Moore's* § 17.25[2] at 17-106. Should the Court conclude that it is inappropriate to appoint Ms. Rogers, Epic asks that the Court exercise its power to appoint another representative to act as Defendant's guardian ad litem.

## II. CONCLUSION

Pursuant to Fed. R. Civ. P. 17(c)(2) and Local Civ. R. 17.1(a), Epic moves the Court to formally appoint Ms. Rogers as C.R.'s general guardian in this action or, alternatively, appoint a responsible adult to act as his guardian ad litem. Without this, the matter will remain pending without resolution, Defendant's rights will not be protected, Epic's rights will be ignored, and justice will not be served. For all the foregoing reasons, Epic respectfully requests that this Court appoint Ms. Rogers as general guardian for Defendant C.R. so that this case can move forward.

[*Signature block on following page*.]

This the 9th day of October, 2019.

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem A. Dharamsi
N.C. State Bar No. 47697
tasneemdharamsi@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564

*Attorneys for Plaintiff*
*Epic Games, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT LAUREN A. ROGERS GENERAL GUARDIAN FOR DEFENDANT OR, IN THE ALTERNATIVE, APPOINT A GUARDIAN AD LITEM ("GAL") FOR DEFENDANT** was electronically filed this day with the Clerk of Court using the CM/ECF system and is and is available to C.R. c/o Lauren Rogers via PACER. Copies have also been served on C.R. c/o Lauren Rogers at the addresses below.

5 Vireo Circle
Newark, DE 19711

501 West Ave.
New Castle, DE 19720

This the 9th day of October, 2019.

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. State Bar No. 31834
christhomas@parkerpoe.com
Tasneem A. Dharamsi
N.C. State Bar No. 47697
tasneemdharamsi@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Post Office Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 828-0564
Facsimile: (919) 834-4564