IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:17-cv-00534-M

| | |
|---|---|
| EPIC GAMES, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.R., by his Guardian ad Litem, PAMELA S. CHESTEK, <br><br> Defendant. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CONSENT MOTION TO SEAL** |

Plaintiff Epic Games, Inc. ("Plaintiff" or "Epic") submits this Memorandum of Law in Support of its Consent Motion to Seal the proposed Order of Approval, Exhibit A to the Order of Approval, and Memorandum in Support of Second Consent Motion for Entry of Order of Approval. Plaintiff's Motion should be granted because: (1) the Order of Approval, the Settlement Agreement (which is Exhibit A to the Order of Approval), and the Memorandum in Support of Second Consent Motion for Entry of Order of Approval all contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement; (2) the public dissemination of that information could be harmful to Defendant, thereby overcoming the common law and First Amendment presumption to access; and (3) any alternatives are inadequate to protect the confidential information and still provide the Court with the necessary information to decide Plaintiff's Second Consent Motion for Entry of Order of Approval.

# ARGUMENT

## I. The Documents and Information For Which Protection is Requested.

Plaintiff, with the consent of Defendant's Court-appointed Guardian ad Litem, seeks to seal the Order of Approval, the Settlement Agreement (which is Exhibit A to the Order of Approval), and the Memorandum in Support of Second Consent Motion for Entry of Order of Approval because they all contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement.

## II. The Motion to Seal Does Not Violate the Common Law and First Amendment Right to Access.

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access. *Id.*

In this case, the minor Defendant's privacy interests outweigh the public interest to access. There is no proper purpose or public service that could be achieved by public disclosure of the private details of the settlement agreement – rather, the minor could be exposed to public scrutiny and unfairly disadvantaged as a result. Accordingly, the significant interest of the minor Defendant's rights outweighs the minimal interest of the public and, therefore, overcomes the presumption to access of the public to this information.

## III. The Alternatives to Sealing are Inadequate.

The alternatives to sealing are insufficient. An alternative to sealing would be redacting specific sensitive information in the Court's copy of settlement documents. However, the

purpose of the inclusion of this information is to provide the Court with evidence necessary to determine that the settlement terms are appropriate and proper.

## IV. The Requirements of the Court's Policy Manual Have Been Met.

Plaintiff has met the requirements of this Court's Policy Manual by (1) specifying the exact document or item for which sealing is requested; (2) detailing how this request overcomes the common law and First Amendment presumption to access; (3) specifying the specific qualities of the material that justify the sealing; and (4) providing the reasons why alternatives to sealing are inadequate. Defendant's Court-appointed Guardian ad Litem consents to this Motion to Seal.

Accordingly, Plaintiff respectfully requests that its Motion to Seal (i) the Order of Approval, (ii) the Settlement Agreement (which is Exhibit A to the Order of Approval), and (iii) the Memorandum in Support of Second Consent Motion for Entry of Order of Approval, all of which contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement, be maintained under seal.

Respectfully submitted, this 2nd day of February, 2021.

        **PARKER POE ADAMS & BERNSTEIN LLP**

        /s/Christopher M. Thomas
        Christopher M. Thomas
        N.C. Bar No. 31834
        christhomas@parkerpoe.com
        Sloan L. E. Carpenter
        N.C. Bar No. 53528
        sloancarpenter@parkerpoe.com
        PNC Plaza
        301 Fayetteville Street, Suite 1400 (27601)
        P.O. Box 389
        Raleigh, North Carolina 27602-0389
        Telephone: (919) 835-4626
        Facsimile: (919) 834-4564
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CONSENT MOTION TO SEAL** was electronically filed this day with the Clerk of Court using the CM/ECF system and transmission of the system generated Notice of Electronic Filing (NEF) to Pamela S. Chestek, Guardian Ad Litem for C.R., who has consented to accept service on behalf of Defendant C.R., constitutes service of the filed document on C.R. and Ms. Chestek, who is a registered system user as follows:

> Pamela Chestek
> Chestek PLLC
> 200 S. Dawson St.
> STE 301
> Raleigh, NC 27601
> 919-800-8033
> Email: pamela@chesteklegal.com

This the 2nd day of February, 2021.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
Sloan L. E. Carpenter
N.C. Bar No. 53528
sloancarpenter@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564

*Attorneys for Plaintiff*